# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ARMAND FRIED, BAR NO. 10590.

No. 75031

FILED

JUN 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Armand Fried. Under the agreement, Fried admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), and RPC 1.16 (declining or terminating representation) and agreed to a one-year suspension, stayed for two years beginning September 14, 2017.

Fried has admitted to the facts and violations alleged in four counts set forth in the complaint.[1] The record therefore establishes that Fried violated the above-listed rules by failing to diligently represent a client as he failed to properly and timely file an immigration petition on her behalf, which resulted in her being sentenced to a voluntary deportation. Additionally, Fried failed to communicate with the client and terminated his representation of her the day before her hearing without ensuring that she had obtained substitute counsel.

---

[1]In exchange for Fried's guilty plea, the State Bar agreed to dismiss the remaining three counts in the complaint.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-24438

As Fried admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Fried has admitted that he violated duties owed to his client (diligence, communication, safekeeping property, and terminating representation) and to the profession (improper withdrawal of representation). Additionally, the admitted facts demonstrate that he knowingly violated his duty to the profession as he had a conscious awareness of the consequences of his untimely withdrawal of representation. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, 452 (Am. Bar Ass'n 2017) (defining knowing as a "conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result"). Fried's client was harmed because she was sentenced to a voluntary deportation. The baseline sanction before considering aggravating and mitigating circumstances is suspension. *Id.* at Standard 7.2 (providing that suspension is appropriate when a lawyer knowingly violates a duty owed as a professional causing injury or potential injury to a client, the public, or the legal system); *see also id.* at 452 (providing that "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious

instance of misconduct among a number of violations"). The record supports one aggravating circumstance (substantial experience in the practice of law) and six mitigating circumstances (absence of prior discipline, absence of dishonest motive, personal or emotional problems, full and free disclosure to disciplinary authority or cooperative attitude towards the proceedings, character or reputation, and remorse). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Armand Fried for one year, stayed for two years beginning September 14, 2017, subject to the following conditions:

1) Fried will attend five hours of Continuing Legal Education regarding Professional Responsibility during his first year of the stayed suspension;

2) Fried will pay restitution in the amount of $3,500 to Ryan Reynolds;

3) Fried shall not be subject to discipline as defined in SCR 102. Should any such matter during the probationary period result in the opening of a grievance concerning which a Screening Panel ultimately determines that a formal hearing is warranted, the conduct shall be considered a breach of this stay, and will result in the imposition of the one-year suspension and the panel, if available, will meet as soon as possible to hold a hearing and determine if the imposition of the one-year suspension is appropriate. The 30-day notice requirement under SCR 105 is waived for such a hearing;

4) Except as otherwise stated, failure to comply with any of the foregoing conditions will result in the immediate imposition of the full one-year suspension, with no right of appeal. Successful completion of the two-

SUPREME COURT
OF
NEVADA

(O) 1947A

year stay will relieve Fried of any future possibility of the imposition of the one-year stayed suspension; and

5) Fried shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120 within 30 days of this court's order, if he has not done so already.

The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

DOUGLAS, C.J., dissenting:

I would reject the conditional guilty plea because the admitted misconduct warrants an actual suspension to serve the purpose of attorney discipline. I therefore dissent.

_____, C.J.
Douglas

cc:    Chair, Southern Nevada Disciplinary Board
       Armand Fried
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court